JAMES WALLEY EDWARDS V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-319-CR

JAMES WALLY EDWARDS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant James Wally Edwards was convicted by a jury of robbery-bodily injury and sentenced to eighteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In one point, he contends that the evidence is legally and factually insufficient to support his conviction.  Because we hold that the evidence is sufficient to support his conviction, we affirm the trial court’s judgment.

Appellant placed a pizza order by telephone from Apartment 160 of the Wyndham Chase Apartments.  He pretended that he was calling from and instructed that the pizza be delivered to Apartment 147 of the Oak Hollow Apartments.  These apartment complexes are a few blocks from each other. According to Appellant’s statement, which was admitted into evidence, Appellant and two buddies, J.R. and E., later went to Country Haven store, a neighborhood convenience store located across the street from Oak Hollow Apartments and visible from the sidewalk outside Apartment 147.  J.R. said, “Let’s go hit this lick,” and the three friends went to Oak Hollow Apartments “to do it.”  Appellant stated that E. grabbed the pizza, J.R. beat the complainant, and he ran when he heard her yell. According to Appellant’s statement, all he did was place the pizza order.  That is enough.

Appellant contends that the fact that the complainant did not positively identify him as one of the attackers makes the evidence insufficient.  Appellant’s statement, however, provides that he called in the phony pizza order, that he went “to do it” with J.R. and E., that he was at the scene while “it” was happening, and that he fled the scene when he heard the complainant yell.

Appellant also contends that the evidence did not sufficiently explain what “hit this lick” means.  The testimony from police officers showed that “hit this lick” can mean to commit an offense, including but not limited to robbery, burglary, or theft; it can also mean to smoke dope.  The phrase’s meaning depends on the context in which it is used.  In his statement, Appellant used the phrase in the context of describing a robbery-bodily injury.  Applying the appropriate standards of review for legal
(footnote: 2) and factual sufficiency,
(footnote: 3) we hold that the evidence is both legally and factually sufficient to support Appellant’s conviction.  We therefore overrule his sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 19, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

3:
See Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).